**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARSHALL J. WILLIAMSON,<br><br>Plaintiff,<br><br>v.<br><br>DONALD PATTON, ET AL.<br><br>Defendants. | Case No. 5:24-cv-02377-FWS-AJR<br><br>**AMENDED ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

On April 14, 2026, this Court issued an Order Accepting Findings, Conclusions, and Recommendations of United States Magistrate Judge (the "Order Accepting"), (Dkt. 36), and entered Judgment dismissing this action with prejudice. (Dkt. 37.)  The Order Accepting noted that the time for filing objections had passed, and the Court had not received any objections.  (Id.)  Thereafter, on April 9, 2026, the Clerk's Office received Objections which were posted to the docket on April 17, 2026.  (Dkt. 38.)

In light of Plaintiff's subsequently filed Objections, the Court has reviewed Plaintiff's Fifth Amended Complaint (Dkt. 31), the Report and Recommendation of the United States Magistrate Judge (the "R&R"; Dkt. 33), Plaintiff's Objections (Dkt. 38), and the entire record.  The Court has conducted a *de novo* review of those

portions of the R&R to which Plaintiff objected.  See 28 U.S.C. § 636(b)(1). Having conducted a *de novo* review, Plaintiff's Objections do not cause this Court to change its prior decision to accept the findings, conclusions, and recommendations in the R&R for the reasons set forth below.

In his Objections, Plaintiff asserts that he has attempted to amend his pleadings in accordance with the Court's prior directives, but has been unable to do so effectively, despite seeking assistance from other inmates and using artificial intelligence.  (Dkt. 38 at 1.)  Plaintiff also notes that his requests for appointment of counsel were denied.  (Id.)  In addition, Plaintiff reiterates allegations of a pattern of sexual abuse at the San Bernardino County jail, without supporting facts or detail. (Id.)  These objections lack merit.

First, Plaintiff's asserted difficulty in complying with the Court's pleading requirements does not excuse the deficiencies identified in the R&R.  As explained in the R&R, Plaintiff was afforded multiple opportunities to amend and received detailed guidance regarding the applicable legal standards and the specific deficiencies in his prior pleadings.  (Dkt. 33 at 19-21.)  Despite these opportunities, the Fifth Amended Complaint continues to rely on conclusory allegations, fails to comply with Federal Rule of Civil Procedure 8, and fails to state a plausible claim for relief.  Plaintiff's inability to cure these deficiencies, even with assistance, does not alter the Court's conclusion that further amendment would be futile.

Second, Plaintiff's renewed reference to the denial of appointed counsel does not undermine the R&R's analysis.  Plaintiff requested appointment of counsel on four separate occasions, (Dkts. 1, 11, 16, 29), and each request was addressed and denied.  As explained in those orders, there is no constitutional right to appointed counsel in civil rights actions, and the Magistrate Judge previously determined that appointment of counsel was not warranted under the circumstances.  (See Dkts. 8, 17, 24, 30.)  Plaintiff's disagreement with those determinations does not

2

demonstrate error in the R&R.

Third, Plaintiff's generalized assertion of a pattern of sexual abuse at the jail does not cure the pleading defects identified in the R&R. As explained in the R&R, Plaintiff must allege specific facts showing how each named defendant personally participated in a constitutional violation or how a municipal policy or custom caused the alleged harm. (Dkt. 33 at 6-9.) Plaintiff's conclusory allegations of systemic misconduct, without supporting factual detail, are insufficient to state a claim. (Id.)

In sum, the Court declines to change its prior decision to accept the findings, conclusions, and recommendations in the R&R. (Dkt. 36.)

**IT IS SO ORDERED**.

Dated:  April 30, 2026

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE

3